**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICHARD ROSS | : | |
| *Plaintiff* | : | |
| v. | : | CIVIL ACTION NO. |
| | : | |
| WULFTEC INTERNATIONAL INC., | : | |
| -and- | : | |
| DURAVANT, LLC | : | |
| *Defendants* | : | **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT AND JURY DEMAND

### I.   PARTIES

1.     Plaintiff, Richard Ross, is an adult individual and citizen of the Commonwealth of Pennsylvania residing therein at 51 Iroquois Road, Levittown, PA 19057.

2.     Defendant, Wulftec International, Inc., upon information and belief, was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of Canada, with a corporate headquarters and principal place of business located therein at 209 Wulftec, Ayer's Cliff, Quebec, Canada JOB 1C0.   Upon further information and belief, Defendant Wulftec International, Inc. was and is now a wholly-owned subsidiary of Defendant Duravant, LLC.

3.     Defendant, Duravant, LLC, upon information and belief, was and is now a business entity, believed to be a limited liability corporation, duly organized and existing under the laws of the State of Delaware, with a principal place of business located in the State of Illinois at 3500 Lacey Road, Suite 290, Downers Grove IL 60515.

### II.   JURISDICTION AND VENUE

4.     Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

5.      The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the acts and/or omissions giving rise to the within claims occurred within the district and because Defendants are subject to personal jurisdiction within the district.

## III.   STATEMENT OF CLAIMS

7.      At all times relevant hereto, the Defendants acted by and through their respective trustees, directors, agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of the Defendants.

8.      At all times prior to April 9, 2019, Defendant, Wulftec International, Inc., was regularly engaged in the business of designing, distributing, assembling, inspecting, installing, marketing, manufacturing, maintaining, renting, leasing, providing safety recommendations and/or selling Automatic Turntable Stretch Wrappers such as the subject Automatic Turntable Stretch Wrapper that was owned and operated by Plaintiff's employer, The PolyCube Company, LLC, located at 30A Runway Road, Levittown, PA 19057, and the component parts thereto, including all instruction manuals and associated warnings.

9.      At all times prior to April 9, 2019, Defendant, Duravant, LLC, was regularly engaged in the business of designing, distributing, assembling, inspecting, installing, marketing, manufacturing, maintaining, renting, leasing, providing safety recommendations and/or selling Automatic Turntable Stretch Wrappers such as the subject Automatic Turntable Stretch Wrapper, and the component parts thereto, including all instruction manuals and associated warnings.

10.     On or about April 9, 2019, Plaintiff was lawfully present at The PolyCube Company, LLC facility located at 30A Runway Road, Levittown, PA 19057 in the course and scope of his employment as a production and maintenance supervisor with The PolyCube Company, LLC.

11.     The subject Automatic Turntable Stretch Wrapper is a stretch wrapping system consisting of a turntable in the shape of an octagon attached to a steel tower embodying a control panel.  The structure is made of heavy-duty structural steel.  A control section including a large emergency stop button is located on the side of the tower.  Pallets containing material to be stretch-wrapped can be placed onto the turntable by an operator.  The turntable rotates, and rolled stretch-wrap material ascends and descends the tower, wrapping the objects on the turntable.  See Four Photographs of Subject Product attached hereto collectively as Exhibit A.

12.     The Automatic Turntable Stretch Wrapper was located directly adjacent to a conveyor belt consisting of metal rollers to facilitate the loading of material onto the octagon-shaped turntable.  The narrow area between the turntable and the conveyor belt created an unguarded pinch hazard to those working with the Automatic Turntable Stretch Wrapper.  Because of the strength of the components and the close-proximity between the turntable and the conveyor belt, this pinch hazard was capable of doing severe damage to anyone caught between the two components.  Moreover, the location of the emergency stop button on the tower was beyond the reach of anyone caught between the turntable and the conveyor belt and created a hazard to anyone such as Plaintiff who became entangled with the turntable.  This dangerous and unsafe hazard was not safeguarded to prevent worker access while the turntable was in operation as required by code, statute, and good safety engineering practice.

## COUNT I
## RICHARD ROSS v. WULFTEC INTERNATIONAL, INC.
## <u>NEGLIGENCE</u>

13.    Plaintiff hereby incorporates by reference paragraphs one (1) through twelve (12), inclusive, as though same were fully set forth at length herein.

14.    On or about April 9, 2019, Plaintiff was in the course and scope of his employment with The PolyCube, LLC and was working at the aforesaid facility, when, due to the negligence and wrongdoing of Defendant Wulftec International, Inc. and the defective condition of the aforementioned Automatic Turntable Stretch Wrapper, Plaintiff attempted to adjust plastic wrap around a palette of material, when suddenly and without warning, the turntable started rotating, pinning Plaintiff's legs between the turntable and conveyor belt, thereby causing Plaintiff to suffer severe and grievous crush injuries more fully set forth below.

15.    The negligence of Defendant Wulftec International, Inc. consisted of the following:

        a.    carelessly and negligently distributing, supplying, installing, designing, manufacturing and/or selling the subject Automatic Turntable Stretch Wrapper and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

        b.    carelessly and negligently failing to implement a safe system for ensuring the subject Automatic Turntable Stretch Wrapper and component parts such as conveyor systems could be used together safely;

        c.    carelessly and negligently failing to recognize the inherent possibility that the subject Automatic Turntable Stretch Wrapper and its component parts could malfunction and/or fail;

        d.    carelessly and negligently allowing the subject Automatic Turntable Stretch Wrapper to create an unguarded pinch hazard;

        e.    carelessly and negligently failing to properly equip the subject Automatic Turntable Stretch Wrapper and its component parts with proper safety equipment;

f.  carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

g.  failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, supply, lease and/or sale of the said Automatic Turntable Stretch Wrapper and its component parts;

h.  failing to ensure that the subject Automatic Turntable Stretch Wrapper and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

i.  failing to warn purchasers and end users of the dangers of the subject Automatic Turntable Stretch Wrapper;

j.  violating the laws of the Commonwealth of Pennsylvania;

k.  violating the laws of the United States;

l.  otherwise failing to use due care and caution under the circumstances; and

m.  such other acts or omissions constituting negligence and/or gross negligence, or wanton conduct, as shall become evident during pretrial discovery and/or at the trial of this case.

16.    Plaintiff in no manner contributed to his injuries which were the direct and proximate result of Defendant's own carelessness and negligence.

17.    At all times material hereto, Plaintiff acted with due care.

18.    At all times material hereto, Defendant knew or should have known, through reasonable inspection, about the afore-mentioned dangerous condition.

19.    As a direct and proximate result of the carelessness and negligence of Defendant, Wulftec International Inc. and the defective nature and condition of the aforementioned Automatic Turntable Stretch Wrapper and/or its component parts, Plaintiff, Richard Ross, suffered severe and permanent bodily injuries including, but not limited to, crush injuries and complex regional pain syndrome to Plaintiff's right leg, various injuries to Plaintiff's left leg, pain and weakness in his back radiating into both legs, post-traumatic stress disorder, as well as

aches, pain and mental distress and anxiety, all of which have caused Plaintiff to undergo extensive medical care and treatment and to endure great physical pain, suffering and anxiety.

20.    As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

21.    As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

22.    Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

23.    As a further result of the aforesaid accident, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

24.    In addition, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy all to his great detriment and loss.

25.    As a further result of the Defendant's aforesaid negligence, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish all of which may continue in the future.

26.    At all times relevant hereto, Defendant, Wulftec International, Inc. is and has been jointly and/or severally liable to the Plaintiff.

WHEREFORE, Plaintiff, Richard Ross, demands judgment against the Defendant, Wulftec International, Inc. in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

**COUNT II**
**RICHARD ROSS v. WULFTEC INTERNATIONAL, INC.**
**PRODUCTS LIABILITY – STRICT LIABILITY**

27.    Plaintiff hereby incorporates by reference paragraphs 1 through twenty-six (26) of the within Complaint as though the same had been fully set forth at length herein.

28.    Defendant Wulftec International, Inc. placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 399 (Pa. 2014).  More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

29.    Defendant, Wulftec International, Inc. designed, manufactured, assembled, maintained, installed, marketed, distributed and sold the aforementioned Automatic Turntable Stretch Wrapper and/or its component parts, including all instruction manuals and associated warnings, which caused, at least in part, Plaintiff's accident.

30.    Plaintiff's accident was caused by the defective nature of the design, manufacture, assembly, maintenance, installation, marketing, distribution and/or fabrication of the subject Automatic Turntable Stretch Wrapper and/or its component parts.

31.    Defendant, Wulftec International, Inc. is strictly liable to Plaintiff as follows:

a. distributing, supplying, installing, designing, manufacturing and/or selling the subject Automatic Turntable Stretch Wrapper and its component parts in a dangerous condition so that an attempt to operate the machine during the wrapping process could cause injury to the Plaintiff;

b. failing to properly equip the subject Automatic Turntable Stretch Wrapper and its component parts with appropriate safety features;

c. creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

d. allowing the subject Automatic Turntable Stretch Wrapper to create an unguarded pinch hazard;

e. failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, supply, lease and/or sale of the said Automatic Turntable Stretch Wrapper and its component parts;

f. failing to ensure that the subject Automatic Turntable Stretch Wrapper and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

g. failing to warn purchasers and end users of the dangers of the subject product;

h. violating the laws of the Commonwealth of Pennsylvania;

i. violating the laws of the United States;

j. otherwise failing to use due care and caution under the circumstances; and

k. such other acts and/or omissions constituting negligence as may be learned through discovery or demonstrated by the evidence adduced at trial.

32.     Based upon the foregoing, Defendant, Wulftec International, Inc. is strictly liable to Plaintiff under the principles of the Restatement (Second) of Torts.

33.     The subject Automatic Turntable Stretch Wrapper and its component parts were distributed and sold in a defective condition in violation of the Restatement (Second) of Torts § 402(A).

34.     The subject Automatic Turntable Stretch Wrapper and its component parts' defects were the cause of Richard Ross' injuries.

35.     In addition, Defendant, Wulftec International, Inc. designed, manufactured, distributed and sold its Automatic Turntable Stretch Wrapper and component parts with defective warnings and instructions in violation of the Restatement (Second) of Torts § 402(B).

36.     In that regard, the warnings and instructions were not adequately durable, visible or conspicuous and failed to convey the risk of harm to the intended users of the aforesaid Automatic Turntable Stretch Wrapper and its component parts, such as the Plaintiff.

37.     The defective warnings and instructions caused Richard Ross's injuries.

38.     As a result of the afore-mentioned conduct of Defendant, Wulftec International, Inc. Plaintiff suffered the injuries and damages described above, which are hereby incorporated by reference as though the same were fully set forth at length herein.

WHEREFORE, Plaintiff, Richard Ross, demands judgment against the Defendant, Wulftec International. Inc. in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

### COUNT III
### RICHARD ROSS v. WULFTEC INTERNATIONAL INC.
### <u>BREACH OF WARRANTY</u>

39.     Plaintiff hereby incorporates by reference paragraphs 1 through thirty-eight (38) of the within Complaint as though the same had been fully set forth at length herein.

40.     As a result of the foregoing, Defendant, Wulftec International, Inc. violated its implied and express warranties to Plaintiff by designing, manufacturing, distributing and selling a defectively manufactured and/or designed Automatic Turntable Stretch Wrapper and component parts containing defective warnings and instructions.

41.     Specifically, as a result of the accident described herein, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the aforesaid Automatic Turntable Stretch Wrapper and its component parts were merchantable, fit for use and suitable and fit for their particular purpose.

42.     Defendant's breach of its implied and express warranties was a cause of Plaintiff Richard Ross's harm.

43.     As a result of the aforementioned conduct of Defendant Wulftec International, Inc. Plaintiff suffered the injuries and damages described above, which are hereby incorporated by reference as though the same were fully set forth at length herein.

WHEREFORE, Plaintiff, Richard Ross, demands judgment against the Defendant, Wulftec International, Inc. in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT IV – NEGLIGENCE
## RICHARD ROSS v. DURAVANT, LLC

44.     Plaintiff hereby incorporates by reference paragraphs one (1) through forty-three (43) of the within Complaint as though same were fully set forth at length herein.

45.     On or about April 9, 2019, Plaintiff was in the course and scope of his employment with The PolyCube, LLC and was working at the aforesaid facility, when, due to the negligence and wrongdoing of Defendant Duravant, LLC and the defective condition of the aforementioned Automatic Turntable Stretch Wrapper, Plaintiff attempted to adjust plastic wrap around a palette of material, when suddenly and without warning, the turntable started rotating, pinning Plaintiff's legs between the turntable and conveyor belt, thereby causing Plaintiff to suffer severe and grievous crush injuries more fully set forth below.

46.    The negligence of Defendant Duravant, LLC consisted of the following:

a.  Establishing a safety committee to oversee safety factors of the corporation and its wholly owned subsidiaries, which said safety committee was and is totally inept and failed to know, investigate or oversee the activities of the corporation or its wholly owned subsidiaries, which said investigation would have revealed the unsafe design, manufacture and dangerous condition of the Automatic Turntable Stretch Wrapper in question;

b.  In establishing a safety committee where the members thereof are not knowledgeable in or are inadequately trained to oversee safety factors of the design and manufacture of machinery, as the Automatic Turntable Stretch Wrapper used in this case, whereby any such trained safety personnel would not have permitted the use of the unsafe "Automatic Turntable Stretch Wrapper";

c.  In allowing its subsidiary corporations, including Wulftec International Inc., to design, manufacture, fabricate and use as part of its business, dangerous machinery, without an inspection by qualified safety engineers and personnel;

d.  In permitting carte blanche financial contribution to the development, design, fabrication and use of said machinery, including the Automatic Turntable Stretch Wrapper in question, without adequately ensuring the incorporation of safety factors into said development, design, fabrication and use;

e.  In allowing a subsidiary corporation to allow operation of the Automatic Turntable Stretch Wrapper without safe-guarding of the hazard which was technically and economically feasible. In further allowing a subsidiary corporation to operate the Automatic Turntable Stretch Wrapper where removal of a safety pin could result in traumatic amputation;

f.  In specifically approving the repair, design, manufacture, alteration, fabrication and use of complex and dangerous machinery without approving or implementing any guidelines for the safety of users of said machinery;

g.  In specifically approving the design, manufacture, alteration, fabrication and use of complex and dangerous machinery without approving or implementing any guidelines for the inspection by qualified safety engineers and personnel for the safety of use of said equipment;

h.  In failing to hire or train competent personnel to insure that adequate and appropriate safety factors were to be considered and incorporated in the design, manufacture, fabrication and use of the said products, including the Automatic Turntable Stretch Wrapper in question; more specifically, the defendant had knowledgeable employees at other of its subsidiaries which had state of the art equipment, yet it failed to ensure that those employees imparted said knowledge to the workers at Wulftec International Inc.,

    i.   In failing to supervise and be aware of what machinery was being used by its subsidiaries which did not meet industry standards and developments;

    j.   In failing to set a policy or requirement that safety considerations must be considered in the repair, design, manufacture, fabrication and use of said products;

    k.   In knowing, or in the exercise of reasonable care, should have known, that the subsidiary was using dangerous and defective machinery in its day to day operations, which were approved by defendant;

    l.   In knowing, or in the exercise of reasonable care, should have known, that personnel hired to repair, maintain, design, manufacture and fabricate said machinery, and approved ultimately by defendant were not qualified and were inadequately trained to consider safety factors in the design, manufacture and fabrication of such machinery;

    m.   In knowing, and approving, or in the exercise of reasonable care, should have known, of the use of an unsafe and dangerous machine;

    n.   In failing to comply with and in fact to violate applicable federal, state, local, industrial, trade and/or commercial regulations concerning said machine and safety design;

    o.   Such other acts or omissions constituting negligence and/or gross negligence, or wanton conduct, as shall become evident during pretrial discovery and/or at the trial of this case.

    p.   The defendant is liable under Restatement of Torts (2nd) Section 324A "(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

47.    Plaintiff in no manner contributed to his injuries which were the direct and proximate result of Defendant's own carelessness and negligence.

48.    At all times material hereto, Plaintiff acted with due care.

49.    At all times material hereto, Defendant knew or should have known, through reasonable inspection, about the afore-mentioned dangerous condition.

50.    At all times material hereto, Defendant should have realized the aforementioned dangerous condition involved an unreasonable risk of harm to laborers operating the afore-mentioned equipment.

51.     At all times material hereto, Defendant should have expected that laborers would be unaware and thus unable to protect themselves against the dangerous conditions, more specifically, that Plaintiff would be unable to protect himself from the dangerous condition.

52.     At all times material hereto, Defendant failed to exercise reasonable care to protect such invitees, including Plaintiff, against the dangerous condition created by Defendant.

53.     At all times material hereto, Defendant knew laborers using the afore-mentioned equipment would be exposed to hazards in the course of using said Automatic Turntable Stretch Wrapper.

54.     At all times material hereto, Defendant was charged with the duty to supervise the repair, maintenance, design, manufacture, alteration, and fabrication processes employed by its subsidiaries.

55.     As a direct and proximate result of the carelessness and negligence of Defendant and the defective condition of the aforementioned Automatic Turntable Stretch Wrapper, Plaintiff, Richard Ross, suffered severe and permanent bodily injuries including, but not limited to, crush injuries and complex regional pain syndrome to Plaintiff's right leg, various injuries to Plaintiff's left leg, pain and weakness in his back radiating into both legs, post-traumatic stress disorder, as well as aches, pain and mental distress and anxiety, all of which have caused Plaintiff to undergo extensive medical care and treatment and to endure great physical pain, suffering and anxiety.

56.     As a direct and proximate result of the carelessness and negligence of Defendant and the defective condition of the aforementioned Automatic Turntable Stretch Wrapper, Plaintiff has in the past and will in the future continue to suffer from the above conditions as well as severe and substantial scarring, deformity, pain, shock, mental anguish, distress, humiliation,

embarrassment, disfigurement, loss of well-being, severe restrictions on his ability to engage in normal activities and an inability to pursue and enjoy the normal ordinary features of life.

57.     As a direct and proximate result of the carelessness and negligence of Defendant and the defective condition of the aforementioned Automatic Turntable Stretch Wrapper, Plaintiff has required and will in the future, continue to require medical care, rehabilitative care and medical care and treatment to treat and to attempt to treat his condition and has incurred and will incur substantial expenses for such care and treatment.

58.     As a direct and proximate result of the carelessness and negligence of Defendant Duravant, LLC and the defective condition of the aforementioned Automatic Turntable Stretch Wrapper located at the aforesaid facility, Plaintiff has in the past and will be in the future, be prevented from performing his usual duties, avocations and occupations and has suffered a loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, Richard Ross, demands judgment against Defendant Duravant, LLC in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

### COUNT V
### RICHARD ROSS v. DURAVANT, LLC
### NEGLIGENCE

59.     Plaintiff hereby incorporates by reference paragraphs one (1) through fifty-eight (58), inclusive, as though same were fully set forth at length herein.

60.     On or about April 9, 2019, Plaintiff was in the course and scope of his employment with The PolyCube, LLC and was working at the aforesaid facility, when, due to the negligence and wrongdoing of Defendant Duravant, LLC and the defective condition of the

aforementioned Automatic Turntable Stretch Wrapper, Plaintiff attempted to adjust plastic wrap around a palette of material, when suddenly and without warning, the turntable started rotating, pinning Plaintiff's legs between the turntable and conveyor belt, thereby causing Plaintiff to suffer severe and grievous crush injuries more fully set forth below.

61.   The negligence of Defendant Duravant, LLC consisted of the following:

a.   carelessly and negligently distributing, supplying, installing, designing, manufacturing and/or selling the subject Automatic Turntable Stretch Wrapper and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

b.   carelessly and negligently failing to implement a safe system for ensuring the subject Automatic Turntable Stretch Wrapper and component parts such as conveyor systems could be used together safely;

c.   carelessly and negligently failing to recognize the inherent possibility that the subject Automatic Turntable Stretch Wrapper and its component parts could malfunction and/or fail;

d.   carelessly and negligently allowing the subject Automatic Turntable Stretch Wrapper to create an unguarded pinch hazard;

e.   carelessly and negligently failing to properly equip the subject Automatic Turntable Stretch Wrapper and its component parts with proper safety equipment;

f.   carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

g.   failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, supply, lease and/or sale of the said Automatic Turntable Stretch Wrapper and its component parts;

h.   failing to ensure that the subject Automatic Turntable Stretch Wrapper and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

i.   failing to warn purchasers and end users of the dangers of the subject Automatic Turntable Stretch Wrapper;

j.   violating the laws of the Commonwealth of Pennsylvania;

k.   violating the laws of the United States;

l.   otherwise failing to use due care and caution under the circumstances; and

m.   such other acts or omissions constituting negligence and/or gross negligence, or wanton conduct, as shall become evident during pretrial discovery and/or at the trial of this case.

62.   Plaintiff in no manner contributed to his injuries which were the direct and proximate result of Defendant's own carelessness and negligence.

63.   At all times material hereto, Plaintiff acted with due care.

64.   At all times material hereto, Defendant knew or should have known, through reasonable inspection, about the afore-mentioned dangerous condition.

65.   As a direct and proximate result of the carelessness and negligence of Defendant, Duravant, LLC and the defective nature and condition of the aforementioned Automatic Turntable Stretch Wrapper and/or its component parts, Plaintiff, Richard Ross, suffered severe and permanent bodily injuries including, but not limited to, crush injuries and complex regional pain syndrome to Plaintiff's right leg, various injuries to Plaintiff's left leg, pain and weakness in his back radiating into both legs, post-traumatic stress disorder, as well as aches, pain and mental distress and anxiety, all of which have caused Plaintiff to undergo extensive medical care and treatment and to endure great physical pain, suffering and anxiety.

66.   As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

67.   As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

68.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

69.     As a further result of the aforesaid accident, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

70.     In addition, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy all to his great detriment and loss.

71.     As a further result of the Defendant's aforesaid negligence, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish all of which may continue in the future.

72.     At all times relevant hereto, Defendant, Duravant, LLC is and has been jointly and/or severally liable to the Plaintiff.

WHEREFORE, Plaintiff, Richard Ross, demands judgment against the Defendant, Duravant, LLC in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

### COUNT VI
### RICHARD ROSS v. DURAVANT, LLC
### PRODUCTS LIABILITY – STRICT LIABILITY

73.     Plaintiff hereby incorporates by reference paragraphs 1 through seventy-two (72) of the within Complaint as though the same had been fully set forth at length herein.

74.     Defendant Duravant, LLC placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 399 (Pa. 2014).  More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

75.     Defendant, Duravant, LLC designed, manufactured, assembled, maintained, installed, marketed, distributed and sold the aforementioned Automatic Turntable Stretch Wrapper and/or its component parts, including all instruction manuals and associated warnings, which caused, at least in part, Plaintiff's accident.

76.     Plaintiff's accident was caused by the defective nature of the design, manufacture, assembly, maintenance, installation, marketing, distribution and/or fabrication of the subject Automatic Turntable Stretch Wrapper and/or its component parts.

77.     Defendant, Duravant, LLC is strictly liable to Plaintiff as follows:

a.   distributing, supplying, installing, designing, manufacturing and/or selling the subject Automatic Turntable Stretch Wrapper and its component parts in a dangerous condition so that an attempt to operate the machine during the wrapping process could cause injury to the Plaintiff;

b.   failing to properly equip the subject Automatic Turntable Stretch Wrapper and its component parts with appropriate safety features;

c.   creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

d.   allowing the subject Automatic Turntable Stretch Wrapper to create an unguarded pinch hazard;

e.  failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, supply, lease and/or sale of the said Automatic Turntable Stretch Wrapper and its component parts;

f.  failing to ensure that the subject Automatic Turntable Stretch Wrapper and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

g.  failing to warn purchasers and end users of the dangers of the subject product;

h.  violating the laws of the Commonwealth of Pennsylvania;

i.  violating the laws of the United States;

j.  otherwise failing to use due care and caution under the circumstances; and

k.  such other acts and/or omissions constituting negligence as may be learned through discovery or demonstrated by the evidence adduced at trial.

78.     Based upon the foregoing, Defendant, Duravant, LLC is strictly liable to Plaintiff under the principles of the Restatement (Second) of Torts.

79.     The subject Automatic Turntable Stretch Wrapper and its component parts were distributed and sold in a defective condition in violation of the Restatement (Second) of Torts § 402(A).

80.     The subject Automatic Turntable Stretch Wrapper and its component parts' defects were the cause of Richard Ross' injuries.

81.     In addition, Defendant, Duravant, LLC designed, manufactured, distributed and sold its Automatic Turntable Stretch Wrapper and component parts with defective warnings and instructions in violation of the Restatement (Second) of Torts § 402(B).

82.     In that regard, the warnings and instructions were not adequately durable, visible or conspicuous and failed to convey the risk of harm to the intended users of the aforesaid Automatic Turntable Stretch Wrapper and its component parts, such as the Plaintiff.

83.     The defective warnings and instructions caused Richard Ross's injuries.

84.     As a result of the afore-mentioned conduct of Defendant, Duravant, LLC Plaintiff suffered the injuries and damages described above, which are hereby incorporated by reference as though the same were fully set forth at length herein.

WHEREFORE, Plaintiff, Richard Ross, demands judgment against the Defendant, Duravant, LLC in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

**COUNT VII**
**RICHARD ROSS v. DURAVANT, LLC**
**BREACH OF WARRANTY**

85.     Plaintiff hereby incorporates by reference paragraphs 1 through eighty-four (84) of the within Complaint as though the same had been fully set forth at length herein.

86.     As a result of the foregoing, Defendant, Duravant, LLC violated its implied and express warranties to Plaintiff by designing, manufacturing, distributing and selling a defectively manufactured and/or designed Automatic Turntable Stretch Wrapper and component parts containing defective warnings and instructions.

87.     Specifically, as a result of the accident described herein, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the aforesaid Automatic Turntable Stretch Wrapper and its component parts were merchantable, fit for use and suitable and fit for their particular purpose.

88.     Defendant's breach of its implied and express warranties was a cause of Plaintiff Richard Ross's harm.

89.     As a result of the aforementioned conduct of Defendant Duravant, LLC Plaintiff suffered the injuries and damages described above, which are hereby incorporated by reference as though the same were fully set forth at length herein.

WHEREFORE, Plaintiff, Richard Ross, demands judgment against the Defendant, Duravant, LLC in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all claims presented above.

Respectfully submitted,

**SWARTZ CULLETON PC**

By:     /s/Brandon A. Swartz
        Brandon A. Swartz, Esquire
        Bryan M. Ferris, Esquire
        Matthew J. McElvenny, Esquire
        547 E. Washington Avenue
        Newtown, PA 18940
        T: (215) 550-6553
        F: (215) 550-6557
        bswartz@swartzculleton.com
        bferris@swartzculleton.com
        mmcelvenny@swartzculleton.com

        *Attorneys for Plaintiff*,
        Richard Ross

Date: May 1, 2020

**VERIFICATION**

I, _____, hereby state that I am the Plaintiff in this action and

verify that the statements made in the foregoing Civil Action Complaint are true and

correct to the best of my knowledge, information and belief.   The undersigned

understands that the statements herein are made subject to the penalties of 18 Pa. C.S.

4904 relating to unsworn falsification to authorities.